UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EZEKIEL A. HAMPTON, et al.,

        Defendants.

CASE NO. CR08-5671BHS

ORDER DENYING DEFENDANT EZEKIEL A. HAMPTON'S PRETRIAL MOTION TO SUPPRESS

This matter comes before the Court on Defendant Ezekiel Hampton's Pretrial Motions. Dkt. 62. The Court has considered the pleadings filed in support of and in opposition to the motion, heard oral argument of counsel, and has considered the remainder of the file. The Court, having ruled on or otherwise disposed of all of Defendant's pretrial motions except for his motion to suppress (Dkt. 83), hereby denies the motion to suppress for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 30, 2009, the Government, in a First Superceding Indictment, charged Defendant Ezekiel A. Hampton and Katrina Marie Grauman. Dkt. 33. Defendant Hampton was charged with the following nine counts: one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 371; one count of transportation of a minor in furtherance of prostitution, in violation of 18 U.S.C. § 2423; two counts of sex

ORDER – 1

trafficking of a minor, in violation of 18 U.S.C. § 1591; one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(a); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id*.

On April 6, 2009, Defendant Hampton ("Defendant") filed pretrial motions (Dkt. 62) and a memorandum of authorities in support of those motions (Dkt. 63). On April 22, 2009, the Government responded. Dkt. 66. On April 23, 2009, Defendant filed a supplemental memorandum in support of his motions. Dkt. 67.

On May 14, 2009, the Court held a hearing on Defendant's motions and issued rulings on all of the motions with the exception of Defendant's motion to suppress (Dkt. 62 at 1). Dkt. 83.

## II. FACTUAL BACKGROUND

On June 28, 2008, Tacoma Police Department Officer A. Quinn obtained a search warrant from Pierce County Superior Court Judge Rosanne Buckner. Dkt. 63-2. Officer Quinn stated that he had probable cause to believe that controlled substances were present at 1928 Martin Luther King Ave. S., Tacoma, Washington. *Id*. at 1. He based this belief on a tip from a confidential informant and a background check of Defendant. *Id*.

With regard to the confidential informant, Officer Quinn declared as follows:

> Your affiant was in contact with a confidential and reliable informant who said that he/she was inside the residence located at 1928 Martin Luther King Ave S in the city of Tacoma within the past 72 hours. While he/she was inside the residence, he/she observed an amount of crack cocaine. Present inside the residence were two white females and a black male. Your affiant was able to identify the black male as Ezekiel Alon Hampton, date of birth 03-02-76. Your affiant knows that this subject resides at this address.

*Id*. Officer Quinn declared that the "reliability of the confidential and reliable informant is based on the fact that he\she has participated in two (2) controlled reliability buys . . . ." *Id*. at 2. Moreover, he claimed that "reliability of the confidential and reliable informant

ORDER – 2

is enhanced by the fact that he\she bas been involved in the local drug scene for over 10 years and is familiar with the various controlled substances . . . ." *Id*.

With regard to the background check, Officer Quinn claimed that Defendant was on parole and that the Department of Corrections had completed a check of Defendant's residence on February 2, 2008. *Id*. at 1. During that check, "an amount of crack cocaine was recovered from inside that residence and [Defendant] was placed under arrest for possession of that substance." *Id*.

After obtaining the warrant, law enforcement officers executed it at the stated address. At the residence, the officers found Defendant, over 100 grams of cocaine, and almost $4000 in cash. Dkt. 66 at 3. The officers also found a computer and business cards for an in-call or out-call service. *Id*.

### III. DISCUSSION

**A.     Probable Cause**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). It is well settled that "the determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search." *Bishop*, 264 F.3d at 924 (citing *Gates*, 462 U.S. at 238). "When a search warrant is based solely on an informant's tip, the proper analysis is whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability and basis of knowledge for the tip." *Bishop*, 264 F.3d at 924; *see also United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003). A "judge's finding of probable cause is entitled to great deference" and is not "invalid if the magistrate judge had a 'substantial basis' for concluding that the supporting affidavit established probable cause." *United States v. Ramos*, 923 F.2d 1346, 1351 (9th Cir. 1991).

In this case, Defendant argues that the informant's credibility and basis of knowledge are "weak." Dkt. 63 at 4. Although the Court disagrees with Defendant's characterization of the evidence as "weak," the Court does find that the evidence contained in the affidavit could have been more complete and that the affidavit lacks an abundance of detail. What is most troubling is that if the informant had a criminal history, it was not disclosed to the judge who issued the warrant. The Government's only response is that "there is no evidence that the informant used in the case at hand has any criminal history whatsoever . . . ." Dkt. 66 at 5. Yet, if the informant is never disclosed to either the Court or Defendant, then there will most likely never be any evidence that he or she has a criminal record. While there is no binding authority that an informant's criminal history must be disclosed, the Ninth Circuit has stated that it is "encouraged by the government's representation that the law enforcement office involved in this case has discontinued its practice of not including a[n] [informant's] criminal history in [search warrant] affidavits." *U.S. v. Reeves*, 210 F.3d 1041, 1046 n.1 (2000).

Regardless, the Court finds that under the totality of the circumstances, there was probable cause to issue the warrant. The facts are that the informant had assisted police officers in the past with independently corroborated leads, the informant claimed to have sufficient knowledge of controlled substances, and Officer Quinn's background check revealed that Defendant had recently been arrested for possession of a controlled substance. Therefore, the Court denies Defendant's motion to suppress because Defendant's Fourth Amendment right was not violated.

**B.    Good Faith**

Even if there was insufficient probable cause to issue the warrant, the facts surrounding the execution of warrant do not compel the suppression of the evidence obtained during the search. The Supreme Court has set out an exception to the exclusion of evidence when searches are conducted in good faith reliance upon an objectively reasonable search warrant. *United States v. Leon*, 468 U.S. 897 (1984); *United States v.*

*Crews*, 502 F.3d 1130, 1135-36 (9th Cir. 2007). The affidavit "must establish at least a colorable argument for probable cause" for the exception to apply. *Id*. at 1136. Moreover, the Supreme Court has recently held that "suppression is not an automatic consequence of a Fourth Amendment violation . . . . Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring v. United States*, 129 S. Ct. 695, 698 (2009).

In this case, the Court finds that the search of the residence was conducted in good faith reliance upon an objectively reasonable search warrant. Officer Quinn had at least a colorable argument for probable cause. Moreover, the record is silent as to any culpable police conduct and exclusion of the evidence in question would fail to deter any questionable police conduct.

Therefore, even if the warrant was issued without probable cause, suppression of the evidence is not the appropriate remedy. The Court denies Defendant's motion to suppress on this ground as well.

## IV. ORDER

Therefore, good cause having been shown, it is hereby

**ORDERED** that Defendant Ezekiel A. Hampton's pretrial motion to suppress (Dkt. 62 at 1) is **DENIED**.

DATED this 15th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5